IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | |
|---|---|
| THEODORE DONNER, JR., ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| ) | Div. No.: |
| v. ) | |
| ) | |
| NORTHSTAR LOCATION SERVICES, LLC ) | |
| ) | **JURY TRIAL DEMANDED** |
| Serve at: ) | |
| Registered Agent ) | |
| CT Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

Comes now Plaintiff, Theodore Donner, Jr., by and through counsel, and states to this Court the following:

### INTRODUCTION AND JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

3. Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in Saint Louis City, Missouri.

4. Plaintiff demands a trial by jury on all issues so triable.

### PARTIES

5. Plaintiff is a natural person currently residing in Saint Louis City, Missouri. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

Electronically Filed - City of St. Louis - February 24, 2017 - 11:23 AM

6. Defendant is a New York corporation with its principal place of business in New York. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect alleged debts owed.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri and nationwide. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months, which has consisted of sending dunning letters and phone calls.

9. On or around May 4, 2016, Plaintiff received a dunning letter from Defendant that attempted to collect on an alleged debt.

10. Prior to receiving the aforementioned letter, Plaintiff had never heard of or received written communications from Defendant.

11. The alleged debt is approximately twelve thousand two hundred eighty-eight dollars ($12,288.00), and is comprised of a delinquent auto loan between the original creditor, Allied Financial, and Plaintiff's ex-wife for a 2007 Toyota Highlander, which has been delinquent since before 2010.

12. Plaintiff does not recall entering into an agreement with the original creditor.

13. Nevertheless, the original creditor previously contacted Plaintiff in an attempt to collect the alleged debt. During these conversations, Plaintiff explained to the original creditor that he never received any notice regarding the late payments due nor the fact that the vehicle had been sold at auction and thus, Plaintiff wanted to bring a lawsuit.

Electronically Filed - City of St. Louis - February 24, 2017 - 11:23 AM

14. The original creditor confirmed that it never sent notice to Plaintiff regarding the sale of the vehicle, apologized and agreed to consider any deficiency balance that resulted after the auction waived.

15. Consequently, Defendant's letter sent to Plaintiff was for an erroneous debt.

16. On or around the beginning of May 2016, Plaintiff contacted Defendant via phone in order to dispute the alleged debt.

17. Because Plaintiff contacted Defendant during Plaintiff's thirty (30) day statutory dispute period provided by 15 U.S.C. § 1692g, Plaintiff's rights remained in full effect throughout the remainder of Defendant's collection activity.

18. Defendant not only ignored Plaintiff's 1692g rights, but Defendant also misled Plaintiff and overshadowed his rights in an attempt to have Plaintiff make payment on the account.

19. During the phone conversation, Plaintiff immediately attempted to dispute the debt and told the agent that the debt was previously released by the original creditor.

20. Defendant ignored such a request and immediately demanded payment.

21. Plaintiff again attempted to tell Defendant about his prior conversation with the original creditor. Defendant responded by calling Plaintiff a liar, that such an explanation is not a valid basis for a dispute and that there was "no way" that the Plaintiff can be released from the debt. Defendant then began to provide erroneous legal advice as to why Plaintiff is allegedly liable for such debt.

22. Plaintiff stated that he respectfully disagreed and, again, asked if he could dispute the debt, stating also that he believed the debt to be erroneously too high.

23. Defendant refused to honor Plaintiff's oral attempt at disputing the account and stated that Plaintiff needs to send in a letter stating all of the reasons why Plaintiff does not owe the balance.

Electronically Filed - City of St. Louis - February 24, 2017 - 11:23 AM

24. Plaintiff asked Defendant about an itemization. Defendant equivocated and stated that there were a lot of different fees that were tacked on and again went through an erroneous legal description as to what happened to the vehicle and the amount of the debt.

25. Plaintiff specifically asked Defendant about the amount of interest accruing on the account, but Defendant stated that she just "can't discuss interest." In actuality, this alleged debt has been charged off and has not been accumulating any interest since 2010.

26. Defendant then referred back to the May 2016 letter and confirmed to Plaintiff that there was an offer on the account that was "only good" for the rest of the month. Such an offer deadline was erroneous and a deceptive attempt at getting Plaintiff to pay.

27. Defendant started to demand payment again and, specifically, sought a lump sum and stated that Plaintiff could pay for this by credit card or even his retirement accounts.

28. In light of the demand for payment, Plaintiff again attempted to assert to Defendant that the account is disputed.

29. Defendant responded, "there is nothing to dispute" and that regardless, Plaintiff is required to pay. Defendant began to elaborate more about Plaintiff's rights and how Plaintiff had the responsibility to be in touch with the original creditor.

30. Defendant also stated to Plaintiff that it had already provided a letter to Plaintiff and because it has Plaintiff's name on it, the letter will serve as valid proof of the debt.

31. On or around October 10, 2016, Plaintiff received another letter from Defendant, which provided the same settlement opportunity as represented in allegation 26 of this complaint.

32. Defendant's conduct caused Plaintiff to believe that Plaintiff could not exercise Plaintiff's Section 1692g rights or that such an exercise would not be honored. Defendant overshadowed Plaintiff's rights to dispute, validate and verify the debt during the conversation.

Electronically Filed - City of St. Louis - February 24, 2017 - 11:23 AM

33. These numerous assertions made by Defendant were false or misleading and were tactics or misrepresentations intended to coerce or deceive Plaintiff into paying the alleged debt.

34. To date, Defendant has never sent verification to Plaintiff, even though Defendant is required to do so.

35. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress and denial of credit.

## COUNT I: VIOLATION OF THE FDCPA

36. Plaintiff re-alleges and incorporates by reference the above paragraphs.

37. Defendant regularly attempts to collect consumer debts asserted to be due to another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

39. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.* including, but not limited to the following:

   a. Engaging in false, misleading or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692d-f;

   b. Attempting to collect a debt which it knew or should have known was settled in violation of 15 U.S.C. § 1692d-f;

   c. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. § 1692g;

   d. Failing and refusing to verify the debt upon Plaintiff's express request in violation of 15 U.S.C. § 1692g.

   WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C. § 1692(k); and

E. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Associate Circuit Court of Saint Louis City, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully submitted,

AEKTRA LEGAL, LLC

/s/ Steven A. Donner
Steven A. Donner, #63789
1108 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone: (314) 240-5350
Fax.    (888) 785-4461
Email: steve.donner@da-lawfirm.com