IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODORE DONNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:17-cv-01379-JMB |
| ) | |
| NORTHSTAR LOCATION SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

Northstar Location Services, LLC ("Northstar" or "Defendant"), by and through its attorneys of Gordon & Rees, LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Petition, and states as follows:

### INTRODUCTION AND JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action as an individual consumer in an attempt to obtain statutory damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Answering further, Northstar denies any liability under the FDCPA as alleged in the Petition.

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

**ANSWER:** Defendant admits that this Court has jurisdiction over this action.

3. Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in Saint Louis City, Missouri.

**ANSWER:** Defendant denies that it engaged in any illicit conduct directed at Plaintiff, in Saint Louis City, Missouri or elsewhere.

4. Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:** Defendant admits that Plaintiff has made a jury demand.

## PARTIES

5. Plaintiff is a natural person currently residing in Saint Louis City, Missouri. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out to consumer, family and household transactions.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's status and residency, and on that basis denies same. With respect to the allegation that Plaintiff is a consumer within the meaning of the FDCPA, this is a legal conclusion that does not require a specific factual admission or denial. To the extent a response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegation, and on that basis denies same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Petition, and on that basis denies same.

6. Defendant is a New York corporation with its principal place of business in New York. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect alleged debts owed.

**ANSWER:** Defendant admits that it is a New York limited liability company with its principal place of business in New York. Defendant admits that its principal business purpose is the collection of debts, and Defendant regularly attempts to collect debts owed to creditors.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri and nationwide. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**ANSWER:** Defendant admits that it sometimes attempts to collect debts by using the mail and telephone to contact consumers who are located in Missouri and elsewhere. With respect to the allegation that Plaintiff is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6), this is a legal conclusion that does not require a specific factual admission or denial. To the extent a response is necessary, Defendant admits this allegation.

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months, which has consisted of sending dunning letters and phone calls.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Petition, and on that basis denies same.

9. On or around May 4, 2016, Plaintiff received a dunning letter from Defendant that attempted to collect on an alleged debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 9 of the Petition.

10. Prior to receiving the aforementioned letter, Plaintiff had never heard of or received written communications from Defendant.

**ANSWER:** Defendant denies sending a letter to Plaintiff on or around May 4, 2016, and therefore denies the allegations contained in paragraph 10 of the Petition regarding "the aforementioned letter." Defendant lacks knowledge or information sufficient to form a belief as to the allegation regarding Plaintiff's knowledge of Defendant, and on that basis denies same.

11. The alleged debt is approximately twelve thousand two hundred eighty-eight dollars ($12,288.00), and is comprised of a delinquent auto loan between the original creditor, Allied Financial, and Plaintiff's ex-wife for a 2007 Toyota Highlander, which has been delinquent since before 2010.

**ANSWER:** Defendant denies that the amount of debt at issue totaled twelve thousand two hundred eighty-eight dollars ($12,288.00). Defendant admits, upon information and belief, that the debt at issue stemmed from a delinquent auto loan related to a 2007 Toyota Highlander. Defendant denies that the original creditor was "Allied Financial." Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of the Petition, and on that basis denies same.

12. Plaintiff does not recall entering into an agreement with the original creditor.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Petition, and on that basis denies same.

13. Nevertheless, the original creditor previously contacted Plaintiff in an attempt to collect the alleged debt. During these conversations, Plaintiff explained to the original creditor that he never received any notice regarding the late payments due nor the fact that the vehicle had been sold at auction and thus, Plaintiff wanted to bring a lawsuit.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Petition, and on that basis denies same.

14. The original creditor confirmed that it never sent notice to Plaintiff regarding the sale of the vehicle, apologized and agreed to consider any deficiency balance that resulted after the auction waived.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Petition, and on that basis denies same.

15. Consequently, Defendant's letter sent to Plaintiff was for an erroneous debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 15 of the Petition.

16. On or around the beginning of May 2016, Plaintiff contacted Defendant via phone in order to dispute the alleged debt.

**ANSWER:** Defendant admits only that on May 13, 2016, Plaintiff contacted Defendants via phone regarding the alleged debt.

17. Because Plaintiff contacted Defendant during Plaintiff's thirty (30) day statutory dispute period provided by 15 U.S.C. § 1692g, Plaintiff's rights remained in full effect throughout the remainder of Defendant's collection activity.

**ANSWER:** Defendant denies the allegations contained in paragraph 17 of the Petition.

18. Defendant not only ignored Plaintiff's 1692g rights, but Defendant also misled Plaintiff and overshadowed his rights in an attempt to have Plaintiff make payment on the account.

**ANSWER:** Defendant denies the allegations contained in paragraph 18 of the Petition.

19. During the phone conversation, Plaintiff immediately attempted to dispute the debt and told the agent that the debt was previously released by the original creditor.

**ANSWER:** Defendant admits only that Plaintiff asked how to "dispute" the debt and that he claimed that he was released. Defendant denies the remaining allegations contained in paragraph 19 of the Petition.

20. Defendant ignored such a request and immediately demanded payment.

**ANSWER:** Defendant denies the allegations contained in paragraph 20 of the Petition.

21. Plaintiff again attempted to tell Defendant about his prior conversation with the original creditor. Defendant responded by calling Plaintiff a liar, that such an explanation is not a valid basis for a dispute and that there was "no way" that the Plaintiff can be released from the debt. Defendant then began to provide erroneous legal advice as to why Plaintiff is allegedly liable for such debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 21 of the Petition.

22. Plaintiff stated that he respectfully disagreed and, again, asked if he could dispute the debt, stating also that he believed the debt to be erroneously too high.

**ANSWER:** Defendant admits that, during the telephone conversation, Plaintiff expressed his belief that the debt at issue was too high. Defendant denies the remaining allegations contained in paragraph 22 of the Petition.

23. Defendant refused to honor Plaintiff's oral attempt at disputing the account and stated that Plaintiff needs to send in a letter stating all of the reasons why Plaintiff does not owe the balance.

**ANSWER:** Defendant denies the allegations contained in paragraph 23 of the Petition.

24. Plaintiff asked Defendant about an itemization. Defendant equivocated and stated that there were a lot of different fees that were tacked on and again went through an erroneous legal description as to what happened to the vehicle and the amount of the debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 24 of the Petition.

25. Plaintiff specifically asked Defendant about the amount of interest accruing on the account, but Defendant stated that she just "can't discuss interest." In actuality, this alleged debt has been charged off and has not been accumulating any interest since 2010.

**ANSWER:** Defendant denies the allegations contained in paragraph 25 of the Petition that relate to his characterization of the telephone call at issue. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Petition, and on that basis denies same.

26. Defendant then referred back to the May 2016 letter and confirmed to Plaintiff that there was an offer on the account that was "only good" for the rest of the month. Such an offer deadline was erroneous and a deceptive attempt at getting Plaintiff to pay.

**ANSWER:** Defendant denies the allegations contained in paragraph 26 of the Petition.

27. Defendant started to demand payment again and, specifically, sought a lump sum and stated that Plaintiff could pay for this by credit card or even his retirement accounts.

**ANSWER:** Defendant admits only that it informed Plaintiff that he could pay his debt by credit card or with other types of accounts. Defendant denies the remaining allegations contained in paragraph 27 of the Petition.

28. In light of the demand for payment, Plaintiff again attempted to assert to Defendant that the account is disputed.

**ANSWER:** Defendant denies the allegations contained in paragraph 28 of the Petition.

29. Defendant responded, "there is nothing to dispute" and that regardless, Plaintiff is required to pay. Defendant began to elaborate more about Plaintiff's rights and how Plaintiff had the responsibility to be in touch with the original creditor.

**ANSWER:** Defendant denies the allegations contained in paragraph 29 of the Petition.

30. Defendant also stated to Plaintiff that it had already provided a letter to Plaintiff and because it has Plaintiff's name on it, the letter will serve as valid proof of the debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 30 of the Petition.

31. On or around October 10, 2016, Plaintiff received another letter from Defendant, which provided the same settlement opportunity as represented in allegation 26 of this complaint.

**ANSWER:** Defendant denies the allegations contained in paragraph 31 of the Petition.

32. Defendant's conduct caused Plaintiff to believe that Plaintiff could not exercise Plaintiff's Section 1692g rights or that such an exercise would not be honored. Defendant overshadowed Plaintiff's rights to dispute, validate and verify the debt during the conversation.

**ANSWER:** Defendant denies the allegations contained in paragraph 32 of the Petition.

33. These numerous assertions made by Defendant were false or misleading and were tactics or misrepresentations intended to coerce or deceive Plaintiff into paying the alleged debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 33 of the Petition.

34. To date, Defendant has never sent verification to Plaintiff, even though Defendant is required to do so.

**ANSWER:** Defendant denies the allegations contained in paragraph 34 of the Petition.

35. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress and denial of credit.

**ANSWER:** Defendant denies the allegations contained in paragraph 35 of the Petition.

## COUNT I: VIOLATION OF THE FDCPA

36. Plaintiff re-alleges and incorporates by reference the above paragraphs.

**ANSWER:** Defendant re-alleges and incorporates by reference its responses to the above paragraphs.

37. Defendant regularly attempts to collect consumer debts asserted to be due to another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** Defendant admits that it regularly attempts to collect debts due to another. With respect to the allegation that Plaintiff is a "debt collector" as defined by FDCPA 15 U.S.C. § 1692a(6), this is a legal conclusion that does not require a specific factual admission or denial. To the extent a response is necessary, Defendant admits this allegation.

38. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

**ANSWER:** Paragraph 38 sets forth a legal conclusion that does not require a specific factual admission or denial. To the extent a response is necessary, Defendant admits only that in certain circumstances, a single action on the part of a debt collector can potentially violate multiple sections of the FDCPA.

39. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.* including, but not limited to the following:

   a. Engaging in false, misleading or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692d-f;

   b. Attempting to collect a debt which it knew or should have known was settled in violation of 15 U.S.C. § 1692d-f;

   c. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. § 1692g;

9

      d.      Failing and refusing to verify the debt upon Plaintiff's express request in violation of 15 U.S.C. § 1692g.

**ANSWER:** Defendant denies the allegations contained in paragraph 39 of the Petition, including those contained in subparagraphs (a) through (d).

WHEREFORE, Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief enumerated and requested under the prayer for relief in the Petition.

## AFFIRMATIVE DEFENSES

Northstar Location Services, LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Petition, for its Affirmative Defenses hereby states as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant substantially complied in good faith with applicable provisions of the Federal Fair Debt Collection Practices Act, 16 U.S.C. § 1692 *et seq.*, and is entitled to each and every defense afforded to it by that statute. Specifically, if Defendant committed any violation of the Fair Debt Collection Practices Act, which is expressly denied, it was the result of a *bona fide* error under 15 U.S.C. § 1692k(c) notwithstanding maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

To the extent Northstar has made any misrepresentation, which is denied, it was not a "material" false or misleading statement; therefore, Plaintiff's alleged claims are not actionable under the FDCPA. *Hahn v. Triumph Partnerships, LLC,* 557 F. 3d 755 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.,* 592 F. 3d 1027 (9th Cir. 2010).

10

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Northstar.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an actionable claim under the FDCPA, his entitlement to statutory damages is capped at $1,000.00 per action, not per violation. 15 U.S.C. § 1692k(a)(2)(A); *Young v. LVNV Funding, Inc.*, 2012 U.S. Dist. LEXIS 162350, *13 (E.D. Mo. Nov. 14, 2012).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, by his own actions and conduct, has failed to exercise reasonable care and diligence on his own behalf, thereby causing or contributing to his alleged injury and damages, if any.  Plaintiff's recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by his own acts and conduct.

WHEREFORE, having answered Plaintiff's Petition, Defendant respectfully requests that all claims be dismissed and that judgment enter in its favor for costs, attorneys' fees, and such other relief as this Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Northstar Location Services, LLC hereby demands its right to a jury trial on all issues triable to a jury.

By: /s/ Ryan T. Brown
Missouri Bar No. 62336
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
rtbrown@gordonrees.com
Telephone: (312) 565-1400
Fax: (312) 565-6511
*Attorneys for Defendant*
*Northstar Location Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, including:

***Attorney for Plaintiff***
Steven A. Donner
1108 Olive Street, Suite 200
St. Louis, Missouri 63101
(314) 240-5350
steve.donner@da-lawfirm.com

          Respectfully submitted,

By:  /s/ Ryan T. Brown
Missouri Bar No. 62336
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
rtbrown@gordonrees.com
Telephone: (312) 565-1400
Fax: (312) 565-6511
*Attorneys for Defendant*
*Northstar Location Services, LLC*